<hr/>

Joyce C. **PERRY** et al.

v.

**LURIA STEEL & TRADING CORPORATION.**

United States District Court
S. D. New York.
June 8, 1962.

<hr/>

16. See also McMaster v. Gould, supra; Burrowes v. Goodman, 50 F.2d 92, 93 (2d Cir. 1931).

17. E. g., Brooks v. National Bank of Topeka, supra.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff.

John J. O'Connor, New York City, for defendant.

RYAN, District Judge.

Defendant has moved for summary judgment and for dismissal of the complaint on the ground that the suit is time barred by the two-year Statute of Limitations of Maine. (Ch. 48, Sec. 14.) This suit to recover for injuries allegedly resulting from defendant's negligence was instituted by the filing of the complaint in this Court on September 12, 1961, almost three years after the accident took place on October 1, 1958 in Maine.

Jurisdiction is based on diversity; plaintiffs are Maine residents, defendant a New York corporation. The New York Statutes of Limitation (Secs. 13 and 49(6), NYCPA), therefore, apply. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Section 13, NYCPA, prescribes that in an action brought by a non-resident on a claim arising outside the state, the shorter statute shall apply. In order to determine which is the short-

er statute, the New York 3-year limitation (Sec. 49(6)), or that of Maine, it is necessary to ascertain the applicable Maine statute of limitation.

■ There are two Maine statutes to be considered: the 2-year statute contained in Ch. 48, Sec. 14, upon which defendant rests, and the 6-year statute contained in Ch. 112, Sec. 90, upon which plaintiffs rely. Chapter 48 is entitled "Operation of Motor Vehicles for Profit" and Section 14 comes within the subdivision entitled "Motor Vehicles Carrying Passengers or Freight for Hire or Leased for Hire." Section I provides that the Public Utilities Commission shall have jurisdiction over any person operating a motor vehicle for hire as a means of transportation similar to that afforded by a railway company, or for transporting passengers for hire as a business. Section 14 at the time of filing suit provided:

"Limitation of action.—Actions of tort for injuries to the person or for death and for injuries to or destruction of property, caused by the ownership, operation, maintenance or use on the ways of the State of motor vehicles or trailers subject to the supervision and control of the public utilities commission, shall be commenced only within 2 years next after the cause of action occurs."

In 1961 the section was amended to substitute "Civil Action" for "action of tort" and to delete "Public Utilities" before the word "Commission".

■ It is difficult to see how defendant can urge the applicability of this section to the instant suit. Section 14 is part of an entire section of the law dealing exclusively with the operation of motor vehicles for hire and the rules and regulations of the Commission to which they are subject. By its very words, the Section limits its provisions to vehicles "subject to the supervision and control of the public utilities commission." It is a specific statute of limitation applicable only to this chapter dealing with a public carrier or one acting as such.

There is no allegation here—either in the complaint or in the answer—that the vehicle which it is alleged caused the accident was being operated for hire or for profit—and nothing from which such a finding could be made. We conclude that the 2-year limitation has no application outside of the specific statute in which it is found.

■ We turn then to the other Maine statute, Ch. 112, which is entitled "Commencement of Civil Actions" and to Section 90, which is under the heading "Limitation of Personal Actions." At the time this suit was filed, Sections 90–114 enumerated the types of actions which were to be commenced within 6 years; none of these mentioned an action for negligence although under Subdivision VII of Section 90 were grouped as coming under the 6-year limitation "all other actions on the case", enumerating various torts (though not negligent acts) and excepting some which were, under Section 93, to be commenced within 2 years, among which again was no mention of acts of negligence. It seemed, therefore, that actions based on negligence come within the 6-year limitation of Section 90, Subdivision VII. This construction is borne out, we think, by the 1959 amendment of Chapter 112, which abolished the enumerated forms of action and substituted under the changed heading "General Limitation of 6 Years", "all civil actions shall be commenced within 6 years * * * except as otherwise specially provided" and there follows a listing of the actions which contain their own limitation. Again no mention is made of an action for injury to a person resulting from negligence. It would seem, therefore, that such action comes within the general 6-year limitation of "all civil actions."

Under Section 13, CPA, we must apply the New York Statute of Limitations as the shorter of the two. We conclude that plaintiffs' suit is timely brought within the 3-year limitation of Section 49(6).

Motion denied. So ordered.